JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 26 2006

FILED
CLERK'S OFFICE

**MDL 1793**

PLEADING NO. 26

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE INTERNATIONAL AIR
TRANSPORTATION SURCHARGE ANTITRUST
LITIGATION

MDL Docket No. 1793

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF KAMBIZ PAHLAVAN'S MOTION FOR TRANSFER AND
CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

July 25, 2006

2006 JUL 25 P 2 49

RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## OFFICIAL FILE COPY

IMAGED JUL 2 7 2006

Defendants British Airways, plc, UAL Corporation, United Airlines, Inc., and Virgin Atlantic Airways, Ltd. (collectively, "Defendants")[1] respectfully submit this response to Plaintiff Kambiz Pahlavan's June 27, 2006 Motion For Transfer And Consolidation Pursuant To 28 U.S.C. § 1407 (the "Pahlavan Motion"). Defendants agree that the cases should be transferred to a single district. With regard to the choice of venue, Defendants believe that the Southern District of Florida would be the best choice for transfer and coordinated pretrial proceedings in these cases, for the reasons set forth in this memorandum.

## INTRODUCTION

To date, at least seventy actions have been filed in at least ten federal districts, alleging a conspiracy to raise, fix, maintain, or stabilize the price for international passenger air transportation, in particular with regard to fuel surcharges, and seeking relief under the federal antitrust laws (collectively, the "Passenger Air Services Cases"). Transfer of these actions, as well as subsequently filed tag-along actions, to one district for coordinated pretrial proceedings is necessary to conserve judicial resources, serve the convenience of the parties, and promote the just and efficient conduct of this litigation. The statutory requirements of Section 1407 for transfer and coordination are fully satisfied due to the similarity and the complexity of the Passenger Air Services Cases.

To our knowledge, none of the parties to these actions disagrees with the proposition that transfer and coordination of these numerous actions in a single district is appropriate. Any disagreement centers on selection of the transferee district. Defendants believe that the venue for these cases should satisfy the following criteria:

1. A district to which all four airline defendants fly. This is important because such a district will thereby have a connection with the subject

---

[1]   Defendant American Airlines, Inc. and its parent AMR Corporation have indicated to the other Defendants that they support transfer and consolidation, but take no position with regard to selection of an MDL transferee district. References to "Defendants" in this response are to the responding defendants identified herein.

matter of the lawsuits with respect to all four defendants, and will also provide a convenient forum to which all parties and their witnesses can travel for hearings and depositions.

2. A district with substantial international passenger air traffic, and therefore a nexus to the subject matter of the lawsuits, which concern fares for international air travel.

3. A district where cases have been filed and where at least some of the parties favor selection of the district as an MDL venue. This takes into account the preferences of the parties.

4. A district where there is no risk of confusion or prejudice by virtue of other MDL actions already pending in the district.

5. A district where the courts have the experience and capacity to manage a complex antitrust MDL proceeding.

As set forth in detail in the Argument section below, the Southern District of Florida is the district that emerges as the most suitable venue for these actions when assessed against these criteria.

## FACTUAL BACKGROUND

### A.    The Class Actions

Since June 22, 2006, various plaintiffs have filed a series of lawsuits in districts around the country on behalf of purported classes of purchasers of air passenger services. Defendants currently are aware of at least seventy lawsuits pending in ten federal districts: the Southern District of Florida, the Northern District of California, the Central District of California, the Eastern District of New York, the Southern District of New York, the Northern District of Illinois, the Eastern District of Pennsylvania, the District of Connecticut, the District of Massachusetts and the Western District of Washington.[2] The cases were apparently triggered by announcements beginning on or around June 22, 2006, that antitrust investigators in the United States and United Kingdom were investigating the

---

[2]    Plaintiffs have not yet properly served Defendants with the complaints in many of the actions. By filing this Response, Defendants neither appear nor waive service in the underlying actions, or in any subsequently filed tag-along actions. Nor do Defendants waive any other defenses, including lack of personal or subject matter jurisdiction.

possibility of anti-competitive practices involving surcharges and fares for air passenger services.

Each of these actions alleges a conspiracy to raise, fix, maintain, or stabilize the prices for passenger air travel, including the pricing of fuel surcharges, in violation of federal antitrust law. Each complaint alleges a cause of action under Section 1 of the Sherman Act, 15 U.S.C. § 1, and some also allege a cause of action under Section 4 of the Clayton Act, 15 U.S.C. § 15. The complaints name some or all of the same four airlines as defendants—British Airways, Virgin Atlantic Airways, American Airlines and United Airlines.[3]

**B.      Panel Proceedings**

The Pahlavan Motion seeks transfer of the Passenger Air Services Cases to the Northern District of California. Defendants agree that the cases should be transferred to a single district, but, for the reasons discussed below, believe that the Southern District of Florida is the ideal venue for these actions.

The Passenger Air Services Cases are in their initial procedural stages: no answers or dispositive motions have been filed; no discovery has been provided; and no class has been certified. Accordingly, coordinating these seventy-plus actions—and those tag-along actions that may follow—in a single district will significantly conserve judicial resources, promote the just and efficient conduct of the litigation, and serve the convenience of the parties. Indeed, in recognition of this, numerous plaintiffs in districts across the country have agreed to defer defendants' obligations to respond to individual complaints until after the Panel selects a single transferee district and plaintiffs serve a consolidated complaint.

---

[3]      The parent corporations of American Airlines and United Airlines are also named as defendants in some of the lawsuits.

## ARGUMENT

**I.     THE PASSENGER AIR SERVICES CASES SHOULD BE TRANSFERRED AND COORDINATED UNDER 28 U.S.C. § 1407**

The standards for transfer and coordination pursuant to 28 U.S.C. § 1407 are clearly satisfied in this case. This Panel is authorized to transfer civil actions "involving one or more common questions of fact [that] are pending in different districts" if the transfer furthers the "convenience of parties and witnesses" and "promote[s] the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Passenger Air Services Cases satisfy these three statutory requirements and should be transferred for coordinated proceedings.

The Passenger Air Services Cases involve common questions of fact and law. Each of the seventy-plus class-action complaints, filed by at least forty-eight law firms, alleges a conspiracy with respect to prices for passenger air travel, in violation of federal antitrust law. The existence of overlapping factual and legal issues makes transfer and consolidation of these actions appropriate. See, e.g., In re Circular Thermostat Antitrust Litig., 370 F. Supp. 2d 1355, 1356-57 (J.P.M.L. 2005) (consolidating and transferring cases to a single district where actions "involve[d] common questions of fact."); In re Humana Managed Care, No. 1334, 2000 U.S. Dist. LEXIS 5099, at *2 (J.P.M.L. Apr. 13, 2000) (same).

Transfer and coordination of the Passenger Air Services Cases will result in significant time and cost savings to all parties involved by protecting the witnesses involved in these lawsuits from multiple depositions and facilitating a coordinated approach to discovery. It will also serve the interest of judicial economy for these actions to be consolidated for pretrial proceedings, so that only one judge, rather than several, will oversee discovery and pretrial motion practice.

Moreover, coordination will ensure that the many complex issues likely to be raised in these cases—including legal issues raised in dispositive motions and motions for

class certification—are handled in a consistent manner that will protect all parties from conflicting judgments by different district courts. See U-Haul Intern., 249 F. Supp. 2d at 1382 ("Centralization under Section 1407 is . . . necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary."). Avoiding inconsistent class determinations is particularly important, especially where the class allegations overlap with each other. In re America Online, Inc., Version 5.0 Software Litig., No. 1341, 2000 U.S. Dist. LEXIS 13262, at *3-*4 (J.P.M.L. June 2, 2000) ("Centralization under Section 1407 is . . . necessary in order to . . . prevent inconsistent pretrial rulings, especially with respect to overlapping class certification issues.").

For these reasons, the Passenger Air Services Cases present precisely the efficiency concerns that Section 1407 was designed to address. Thus, transfer and consolidation of the Passenger Air Services Cases is entirely appropriate.

## II.    THE PASSENGER AIR SERVICES CASES SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

Selection of an appropriate transferee court should be based on a range of factors that take into account the subject matter of the lawsuits, the location of the parties and the places in which they do business, and the current commitments of the courts in the potential transferee districts, all with a view to choosing a location that is fair and convenient for all parties and in which the courts have the capacity and experience to manage a complex MDL proceeding. In the Passenger Air Services cases, application of these principles suggests that this Panel should base its decision upon the five criteria laid out in the Introduction to this memorandum, namely that the transferee district should be (1) a district to which all four airline defendants fly; (2) a district with substantial international passenger air traffic; (3) a district where cases have been filed and where at least some parties favor selection of the district as an MDL venue; (4) a district where there is no risk of confusion or

prejudice by virtue of other MDL actions already pending in the district; and (5) a district where the courts have the experience and capacity to manage a complex antitrust MDL proceeding. Consideration of these five criteria leads to the conclusion that the Southern District of Florida is the best choice as venue for these actions.

A.   **A District To Which All Four Airline Defendants Fly**

These actions should be transferred to a district to which all four airline defendants fly. Such a district will naturally have a connection with the subject matter of the lawsuits with regard to all defendants, and will provide a convenient forum to which the defendants' representatives and witnesses can travel for hearings and depositions. Convenience is a factor the Panel considers when determining transfer and consolidation. See 28 U.S.C. § 1407(a).

Some of the districts where Passenger Air Services actions have been filed are districts in which not all of the defendants conduct business. Given that there are only four airline defendants in these actions, it would be illogical to transfer the cases to a district where not all defendants have a presence, especially when there are alternative districts where all defendants conduct business. Virgin Atlantic Airways does not fly to Chicago, or otherwise have any presence in the Northern District of Illinois. Thus, there are no witnesses or documents of Virgin located in Chicago, nor does the district have any factual nexus to the allegations in the complaints so far as they relate to Virgin. Moreover, it would be burdensome upon Virgin as a party to litigate these cases in a district where it has no presence and conducts no flights upon which its personnel could travel to the district for depositions and hearings.

The same is true with regard to two other districts in which Passenger Air Services cases have been filed, namely the Eastern District of Pennsylvania and the Western District of Washington. Virgin Atlantic Airways does not fly to these districts, nor does it

have any presence in them. With regard to the District of Connecticut, while Virgin Atlantic Airways has its United States headquarters located in the district, neither Virgin nor British Airways conducts any flights to the district. Thus, neither the Northern District of Illinois, the Eastern District of Pennsylvania, the Western District of Washington or the District of Connecticut would be logical venues for transfer and consolidation of the Passenger Air Services Cases.

Conversely, each of the defendant airlines flies daily to and from Miami International Airport ("MIA") in the Southern District of Florida. The Southern District of Florida provides a central and convenient location for these cases which involve two United Kingdom based defendants and two United States based defendants. The Southern District of Florida is more convenient than the Northern District of California for the United Kingdom based defendants, because the flight between Miami and London is shorter than the flight between San Francisco and London, and Miami is also three time zones closer to London than is California.[4]

### B.    A District With Substantial International Air Traffic

The Passenger Air Services Cases concern the fares and surcharges paid by passengers on international flights. Accordingly, the transferee district should be one that has a substantial volume of international air traffic and therefore a strong connection to the subject matter of the lawsuits.

---

[4]    If, however, the Southern District of Florida is not selected, the Northern District of California and the Southern District of New York are other venues to which all defendants fly and which are not necessarily excluded by reference to the other criteria discussed below. As to the remaining districts to which defendants fly, only one case each has been filed in the Central District of California and the District of Massachusetts, and defendants do not support transfer of the Passenger Air Services Cases to those venues, and the Eastern District of New York would not be a suitable venue for these actions for the reasons set forth on page 9 below.

The Southern District of Florida is home to MIA, which is the third-ranked U.S. airport for international travel, serving more than 14 million international passengers annually.[5]  As noted above, each of the defendant airlines conducts substantial daily scheduled passenger air services to and from MIA.  Southern Florida is a particularly favored destination for travelers originating in the United Kingdom, which is a particular focus of these actions.  Last year, Florida was the number one destination in both volume and market share for British arrivals to the United States.[6]  London Heathrow, the primary international hub of both British Airways and Virgin Atlantic Airways,[7] is a major international gateway in and out of MIA.  Accordingly, the Southern District of Florida is a logical, convenient and compelling choice for transfer of the Passenger Air Services Cases.

### C.   A District Supported By Some Of The Parties And In Which Actions Have Been Filed

Three cases have been filed in the Southern District of Florida, and we understand that it enjoys support as an MDL venue by the plaintiffs who have filed those cases, as well as the Defendants.  Consensus between plaintiffs and defendants on a transferee forum is a factor that favors transfer to that forum.  See Dynamic Random Access Memory, 228 F. Supp. 2d at 1381 (transferring cases to Northern District of California due, in part, to the fact that the "district is the forum choice of the majority of both plaintiffs and defendants . . . .").

---

[5]   2004 International Passenger Rankings, United States Airports: http://www.miami-airport.com/html/passenger_rankings.html.  Only John F. Kennedy International Airport and Los Angeles International Airport serve more international passengers than MIA, at, respectively, 17.4 million and 16.5 million international passengers annually.

[6]   U.S. Dept. of Commerce, Int'l Trade Admin., Office of Travel & Tourism Indus., Market Profile: The United Kingdom (2006), available at http://tinet.ita.doc.gov/view/f-2005-148-001/f-2005-148-001.xls.

[7]   Both British Airways and Virgin Atlantic are United Kingdom corporations.  British Airways is headquartered in Harmondsworth, England, and Virgin Atlantic is headquartered in Crawley, England.

**D.    A District Where There Is No Potential For Confusion Or Prejudice Arising From Other Pending MDL Proceedings**

The Passenger Air Services Cases are completely unrelated to the In re Air Cargo Shipping Services Antitrust Litigation, MDL No. 1775, which the Panel recently transferred to the Eastern District of New York.  Those cases name at least twenty-five defendants that are alleged to have engaged in price-fixing with regard to air cargo rates, whereas the Passenger Air Services Cases allege price-fixing by four airlines concerning passenger fares.  The factual allegations differ, and there is no overlap in the alleged classes of injured persons, or the likely discovery to be had in the respective actions.  Accordingly, there is no reason why the Passenger Air Services Cases and the In re Air Cargo MDL proceedings should be linked in any way, let alone transferred to the same district.

While factually unrelated, and concerning different plaintiffs and only a handful of the same defendants, there is potential for confusion between the two sets of proceedings because they both broadly concern pricing in different segments of the airline industry.  Having the two sets of MDL proceedings pending in the same district would heighten the potential for confusion and prejudice to the defendants in one or both of the actions.  Such risk of confusion and prejudice provides ample reason not to transfer the Passenger Air Services Cases to the Eastern District of New York, especially when there is a clear and compelling alternative venue in the Southern District of Florida.

Furthermore, given that the Eastern District of New York recently received such a substantial set of litigations—over 80 cases with approximately 25 defendants involved—it would be impractical and a strain on judicial resources to transfer an additional but unrelated wave of litigations to the same venue.

E.     **A District With The Experience And Capacity To Handle These Cases**

The Southern District of Florida has the requisite experience and resources to manage a complex antitrust docket and would provide an excellent forum for the Passenger Air Services Cases.

Since 1970, the Southern District of Florida has successfully handled twenty-five MDL actions, including four antitrust actions, but has only one MDL proceeding currently pending.[8]  The district also has the capacity and resources to successfully manage the Passenger Air Services Cases.  It currently has eighteen active district judges, six senior judges, nineteen magistrate judges, and no judicial vacancies, and is therefore more than capable of handling the significant caseload likely in the Passenger Air Services Cases.[9]  Further, in 2005, the Southern District of Florida had fewer pending actions per judgeship than did almost all of the other potential transferee districts, and arguably has the most favorable current docket conditions to take on the Passenger Air Services Cases.[10]

The Southern District of Florida also has highly experienced and able judges, including the Honorable Federico A. Moreno, who presides over one of the three actions already filed in the district, and who has successfully managed multidistrict proceedings in the past.  See In re Humana Inc. Managed Care, Nos. MDL-1334, MDL-1364, MDL-1367, MDL-1366, 2000 WL 1925080 (J.P.M.L. Oct. 23, 2000) (MDL proceeding).

---

[8]     See http://www.jpml.uscourts.gov/Statistics/Terminated-Litigations-As-Of-2005.pdf; http://www.jpml.uscourts.gov/Pending_MDLs/PendingMDL-July-06.pdf.

[9]     See http://www.flsd.uscourts.gov/default.asp?file=bar/fcm.html.

[10]    The Southern District of Florida had 386 pending actions per judgeship, while the Eastern District of New York had 622, the Northern District of California had 468, and the Eastern District of Pennsylvania had 611.  See http://www.uscourts.gov/cgi-bin/cmsd2005.pl.  Only the Northern District of Illinois, with 360 pending actions per judgeship, had marginally fewer pending actions per judgeship than the Southern District of Florida.

10

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Panel enter an order transferring the Passenger Air Services Cases to the Southern District of Florida for coordinated pretrial proceedings.

Charles E. Koob
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
(212) 455-2000 (telephone)
(212) 455-2502 (facsimile)

*Attorneys for Virgin Atlantic Airways, Ltd.*

Daryl A. Libow
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006
(202) 956-7500 (telephone)
(202) 293-6330 (facsimile)

*Attorneys for British Airways, PLC*

Richard J. Favretto
MAYER, BROWN, ROWE & MAW LLP
1909 K Street N.W.
Washington, D.C. 20006-1157
(202) 263-3000 (telephone)
(202) 263-3300 (facsimile)

*Attorneys for UAL Corp. and United Airlines, Inc.*

Dated:   New York, New York
         July 25, 2006

On behalf of the above-listed defendants,

SIMPSON THACHER & BARTLETT LLP

By: Chuck Koob/BFH
    Charles E. Koob

425 Lexington Avenue
New York, NY 10017-3954
(212) 455-2000 (telephone)
(212) 455-2502 (facsimile)

*Attorneys for Virgin Atlantic Airways, Ltd.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 26 2006

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

I, Joseph Kane, hereby certify that on this 25th day of July, 2006, I caused to be

served by first class mail, postage prepaid, a true and correct copy of Defendants' Memorandum

of Law In Response To Plantiff Kambiz Pahlavan's Motion For Transfer And Consolidation

Pursuant to 28 U.S.C. § 1407 in *In re International Air Transportation Surcharge Antitrust*

*Litigation*, MDL No. 1793, upon the parties listed on the attached Panel Attorney Service List

and upon the parties listed on the attached Supplemental Service List:

Joseph Kane/BPH

Joseph Kane

2006 JUL 25 P 2: 50

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

## for

# MDL 1793 - In re International Air Transportation Surcharge Antitrust Litigation

### *** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
* Signifies that an appearance was made on behalf of the party by the representing attorney.
# Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
Docket: 1793 - International Air Transportation Surcharge Antitrust
For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1793 – In re International Air Transportation Surcharge Antitrust Litigation
Status: Pending on / /
Transferee District:      Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Asher, Steven A.<br>Weinstein, Kitchenoff & Asher, LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA 19103 | => Collins, Stephen |
| Berman, Steve W.<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Avenue<br>Suite 2900<br>Seattle, WA 98101 | => Jenkins, Nicholas L.* |
| Bullion, Andrew B.<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, DC 20005-3934 | => Gornik, John C.* |
| Dominguez, Manuel J.<br>Berman, DeValerio, Pesse, Tabacco, Burt & Pucillo<br>Esperante Building<br>222 Lakeview Drive<br>Suite 900<br>West Palm Beach, FL 33401 | => Reynell, Ian*; Saldana, Susana* |
| Fait, Mary Jane<br>Wolf Haldenstein Adler Freeman & Herz LLP<br>55 West Monroe Street<br>Suite 1111<br>Chicago, IL 60603 | => Willstaedt, Teresa* |
| Favretto, Richard J.<br>Mayer, Brown, Rowe & Maw, LLP<br>1909 K Street N.W.<br>Washington, DC 20006-1157 | => UAL Corp.*; United Airlines, Inc.* |
| Garcia, Stephen M.<br>Garcia Law Firm<br>One World Trade Center<br>Suite 1950<br>Long Beach, CA 90831 | => Graham, Matthew* |
| Kohn, Joseph C.<br>Kohn, Swift & Graf, P.C.<br>One South Broad Street<br>Suite 2100<br>Philadelphia, PA 19107 | => Rossi, Anne R.* |
| Koob, Charles E.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017-3954 | => Virgin Atlantic Airways, Ltd.* |
| Kraus, David<br>111 John Street<br>Suite 800 | => Manyin, Kenneth R. |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

New York, NY 10038

Lehmann, Michael P.
Furth Firm, LLP
225 Bush Street
15th Floor
San Francisco, CA 94104-4249
→ Martini, Alfred T.*

Libow, Daryl A.
Sullivan & Cromwell, LLP
1701 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006
→ British Airways, PLC*

Lovell, Christopher
Lovell, Stewart & Halebian, LLP
500 Fifth Avenue
58th Floor
New York, NY 10110
→ McNamara, Michael

Miller, Marvin A.
Miller Faucher & Cafferty, LLP
30 North LaSalle Street
Suite 3200
Chicago, IL 60602
→ Blythin, Gabrielle*; Blythin, Peter*; Gruike, Brad*; Gutierrez, Tiana*; McGovern, Ryan*

Pearlman, Debra J.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
→ American Airlines, Inc.*; AMR Corp.*

Rothman, Robert M.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road
Suite 200
Melville, NY 11747
→ Levy, Mark; Rosenberg, Sarah

Saveri, Guido
Saveri & Saveri, Inc.
111 Pine Street
Suite 1700
San Francisco, CA 94111-5630
→ Weber, Corinne

Simon, Bruce L.
Cotchett, Pitre, Simon & McCarthy
San Francisco Airport Office Center
Suite 200
840 Malcolm Road
Burlingame, CA 94010
→ Pahlavan, Kambiz*

Steyer, Allan
Steyer, Lowenthal, Boodrookas, Alvarez & Smith
One California Street
Suite 300
San Francisco, CA 94111
→ McDill, Carissa A.

Note: Please refer to the report title page for complete report scope and key.

## SUPPLEMENTAL SERVICE LIST

### *ATTORNEYS FOR PLAINTIFFS*

Randy Renick
Josh Piovia-Scott
The Law Offices Of Randy Renick
The Marine Building
128 N. Fair Oaks Ave.
Pasadena, CA  91103

*Attorneys for Plaintiffs Johanna Douglas, Denise Farinelli and David Farinelli*
Christopher Lovell
Merrick Scott Rayle
Craig Essenmacher
Ryan E. Long
Lovell Stewart Halebian LLP
500 Fifth Avenue
New York, NY  10110

*Attorneys for Charles Chin, Dawn Sederholm and Beth El-Demerdash*
Marvin A. Miller
Patrick E. Cafferty
Anthony F. Fata
Miller Faucher And Cafferty LLP
30 North LaSalle Street, Suite 3200
Chicago, IL  60602

Guri Ademi
Ademi & O'Reilley, LLP
3620 East Layton Avenue
Cudahy, WI  53110

Gregory P. Hansel
Michael Kaplan
Preti, Flaherty, Beliveau & Pachios, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546

Lawrence E. Feldman
Roseann E. Weisblatt
Lawrence E. Feldman & Associates
432 Tulpehocken Avenue
Elkins Park, PA  19207

Kendall S. Zylstra
Stephen E. Connolly
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA  19087

Mary Jane Fait
Wolf Haldenstein Adler Freeman & Herz, LLC
55 West Monroe Street, Suite 1111
Chicago, IL  60603

Howard Langer
Langer & Grogan, P.C.
1600 Market Street, Suite 2020
Philadelphia, PA  19103-7218

Warren Rubin
Law Offices Of Bernard M. Gross
John Wannamaker Building, Suite 450
Juniper and Market Streets
Philadelphia, PA  19107

***Attorneys for Plaintiffs Barry Golin and The McIntyre Group***
Michael P. Lehmann
Jon T. King
The Furth Firm, LLP
225 Bush Street, 15th Floor
San Francisco, CA  94104-4249

Michard D. Hausfeld
Paul T. Gallagher
Andrew B. Bullion
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C.  20005

Guido Saveri
R. Alexander Saveri
Saveri &. Saveri, INC.
111 Pine Street, Suite 1700
San Francisco, CA  94111-5630

Michael D. Hausfeld
Paul T. Gallagher
Andrew B. Bullion
Cohen Milstein Hausfeld & Toll, PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, D.C.  20005

**Attorneys for Plaintiff Mitchell Benson and Lisa Steinberg**
David B. Krauss
111 John Street, Suite 800
New York, NY  10038

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103

**Attorneys for Plaintiffs Ruth Strachman**
Jeffrey S. Abraham
Abraham Fruchter & Twersky, L.L.P.
One Pennsylvania Plaza
Ste. 2805
New York, NY 10119-0165

**Attorneys for Plaintiffs Bruce Diamond**
Gerald J Rodos
Barrack, Rodos, & Bacine
3300 Two Commerce Square
2001 Market St
Philadelphia, PA 19103

**Attorneys for Plaintiffs Eric Miller**
Merrill G. Davidoff
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103,

**Attorneys for Plaintiffs Edward Mattis**
Anthony J. Bolognese
Bolognese & Associates LLC
1617 JFK Boulevard
Suite 650
Philadelphia, PA 19103

**Attorneys for Plaintiffs Barbara Roth**
Jon T. King
The Furth Firm LLP
225 Bush Street
15th Floor
San Francisco, CA 94104

**Attorneys for Plaintiffs Jacob Weiss**
Stephen Edward Connolly
Schiffrin & Barroway, LLP
280 King Of Prussia Road
Radnor, PA 19087

**Attorneys for Plaintiffs Andros S. Georgiou, Sophia Georgiou, Steven A. Georgiou**
Clinton P. Walker
Damrell, Nelson, Schrimp, Pallios, Pache
1601 "I" Street
Fifth Floor
Modesto, CA 95354

**Attorneys for Plaintiffs Edward Shipley**
Roberta D. Liebenberg
Fine, Kaplan And Black
1835 Walnut Street
28TH Floor
Philadelphia, PA 19103

4

**Attorneys for Plaintiffs Andrew Napoletano**
Daniel D'Angelo
Gilman and Pastor, LLP
60 State Street
37th Floor
Boston, MA 02109


**Attorneys for Plaintiffs Trevor Hughes**
Elizabeth C Pritzker
Girard Gibbs LLP
601 California Street
Suite 1400
San Francisco, CA 94108


**Attorneys for Plaintiffs Brigitte Feinberg**
Oren Giskan
Giskan & Solotaroff
207 West 25th Street
4th Floor
New York, NY 10001


**Attorneys for Plaintiffs Jessica S. Eliay**
Susan G. Kupfer
Glancy Binkow & Goldberg LLP
455 Market Street
Suite 1810
San Francisco, CA 94105
US


**Attorneys for Plaintiffs Michael Carlson**
Amy M. Boomhouwer
Gancedo & Nieves LLP
144 W. Colorado Boulevard
Pasadena, CA 91105
US

**Attorneys for Plaintiffs Brian Bank**
Adam C. Belsky
Gross & Belsky LLP
180 Montgomery Street
Suite 2200
San Francisco, CA 94104


**Attorneys for Plaintiff Brett Cass**
Kevin Bruce Love
Hanzman Criden & Love PA
7301 SW 57th Court
Suite 515
South Miami, FL 33134


**Attorneys for Plaintiffs Michael Gardener**
David Jaroslawicz
Jaroslawicz & Jaros
150 William Street, 19th Floor
New York, NY 10038


**Attorneys for Plaintiffs Richard Fitter**
Robert N. Kaplan
Kaplan, Kilsheimer & Fox, LLP
805 Third Avenue
New York, NY 10022


**Attorneys for Plaintiffs Monica R. Hughstead**
Jason A. Zweig
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
22nd Floor
New York, NY 10022


**Attorneys for Plaintiffs Anjalai Jain**
David E. Kovel
Kirby McInerney Squire LLP
830 Third Avenue
New York, NY 10022

**Attorneys for Plaintiffs Mary Ann Mcgrath, Joe Fadden**
James S. Shedden
Schad Diamond & Shedden, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, IL 60604

**Attorneys for Plaintiffs  Shephali Patel, Andrew Carlson**
James E. Miller
Sheperd Finkelman Miller & Shah-Chester
65 Main St.
Chester, CT 06412

**Attorneys for Plaintiffs Christopher H. Finegan**
Kenneth G. Walsh
Straus & Boies, LLP
2 Depot Plaza, 2nd Fl
Bedford Hills, NY 10507

**Attorneys for Plaintiffs Sherrie Marco, Betsee Finlee, Gunter Thiede**
David B Casselman
Wasserman Comden Casselman & Pearson
5567 Reseda Blvd, Ste 330
P O Box 7033
Tarzana , CA  91357-7033
USA
**Attorneys for Plaintiffs Michael Molinaro**
Jeffrey A. Miller
Westerman Ball Ederer Miller & Sharfstein, LLP
170 Old Country Road
Mineola, NY 11501

**Attorneys for Plaintiffs Marie Shaw**
Alexander H. Schmidt
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY 10016

**Attorneys for Plaintiffs Robert Sladkus**
Alexander H. Schmidt
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

***Attorneys for Plaintiffs Corrine Lin***
Marian P. Rosner
Wolf Popper LLP
845 Third Avenue
New York, NY 10022

***Attorneys for Plaintiffs Biron Gymnastics***
Craig C Corbitt
Zelle Hofmann Voelbel Mason & Gette LLP
44 Montgomery Street
Suite 3400
San Francisco , CA  94104

***Attorneys for Plaintiffs Michael Olmert***
Blake M. Harper
Hulett Harper LLP
550 West C Street
Suite 1600
San Diego, CA 921

***Attorneys for Plaintiffs Michael Carlson***
Amy M. Boomhouwer
Gancedo & Nieves LLP
144 W. Colorado Boulevard
Pasadena, CA 91105
US

***Office of the Clerk of Court***
***United States District Court***
***Central District of California***
312 North Spring Street
Los Angeles, CA 90012

***Office of the Clerk of Court***
***United States District Court***
***Northern District of California***
United States Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

*Office of the Clerk of Court*
*United States District Court*
*District of Connecticut*
141 Church Street
New Haven, CT 06510


*Office of the Clerk of Court*
*United States District Court*
*Southern District of Florida*
301 North Miami Avenue, Room 150
Miami, Florida 33128


*Office of the Clerk of Court*
*United States District Court*
*Northern District of Illinois*
Everett McKinley Dirksen Building
20th floor
219 South Dearborn Street
Chicago, Illinois 60604


*Office of the Clerk of Court*
*United States District Court*
*District of Massachusetts*
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA   02210


*Office of the Clerk of Court*
*United States District Court*
*Eastern District of New York*
225 Cadman Plaza East
Brooklyn, NY 11201

**Office of the Clerk of Court**
**United States District Court**
**Southern District of New York**
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312


**Office of the Clerk of Court**
**United States District Court**
**Eastern District of Pennsylvania**
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797


**Office of the Clerk of Court**
**United States District Court**
**Western District of Washington**
700 Stewart Street
Seattle, WA 98101